```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF SOUTH DAKOTA
 2                         SOUTHERN DIVISION

 3    * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                   )
 4    UNITED STATES OF AMERICA,    )   4:22-CR-40059-KES-01
                                   )
 5                   Plaintiff,    )   Sioux Falls, South Dakota
                                   )   Courtroom II
 6        -vs-                     )
                                   )   May 16, 2023
 7    JUSTIN DOUGLAS BRENDE,       )   9:00 a.m.
                                   )
 8                   Defendant.    )
                                   )
 9    * * * * * * * * * * * * * * * * * * * * * * * * * * * *

10                         PUBLIC TRANSCRIPT OF
                        CHANGE OF PLEA HEARING
11
                       BEFORE THE HONORABLE
12                       KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE
13

14    (PURSUANT TO D.S.D. CRIM. LR 57.10, PORTIONS OF ALL CHANGE
         OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)
15
      * * * * * * * * * * * * * * * * * * * * * * * * * * * *
16
      APPEARANCES:
17
      Counsel for Plaintiff:   Jeffrey C. Clapper
18                             U.S. Attorney's Office
                               PO Box 2638
19                             Sioux Falls, SD 57101-4410

20    Counsel for Defendant:   Matthew Powers
                               Federal Public Defender's Office
21                             101 S. Main Avenue, Suite 400
                               Sioux Falls, SD 57104
22

23

24    Also Present:  Justin Douglas Brende - Defendant

25
```

1          (Proceedings in open court at 9:00 a.m.)

2          THE COURT:  This is the time scheduled for a change

3    of plea in the matter entitled United States of America v.

4    Justin Douglas Brende.

5          Would counsel please note their appearances for the

6    record.

7          MR. CLAPPER:  Jeff Clapper on behalf of the United

8    States.

9          MR. POWERS:  Matt Powers with the Federal Public

10   Defender's Office for Mr. Brende.

11         THE COURT:  And, Mr. Brende, would you please stand

12   and raise your right hand.  The clerk will administer an

13   oath to you to tell the truth.

14              (Defendant sworn)

15         THE COURT:  And you can be seated.

16         And, Mr. Brende, do you understand that you're

17   under oath to tell the truth, and if you answer any of my

18   questions falsely, the government can use those answers

19   against you in another prosecution for perjury or for making

20   a false statement?

21         THE DEFENDANT:  I understand, Your Honor.

22         THE COURT:  What is your full name?

23         THE DEFENDANT:  Justin Douglas Brende.

24         THE COURT:  And where were you born?

25         THE DEFENDANT:  Mitchell, South Dakota.

1        THE COURT:  How old are you?

2        THE DEFENDANT:  43.

3        THE COURT:  How far did you go in school?

4        THE DEFENDANT:  Some college, Your Honor.

5        THE COURT:  Have you been treated recently for any

6   mental illness or addiction to narcotic drugs of any kind?

7        THE DEFENDANT:  None.

8        THE COURT:  Are you currently under the influence

9   of any drug, medication, or alcoholic beverage of any kind?

10        THE DEFENDANT:  None.

11        THE COURT:  Did you receive a copy of the

12   Indictment, which is the charge that's pending against you?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  And have you had a chance to discuss

15   that charge and your case in general with Mr. Powers as your

16   lawyer?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  Are you fully satisfied with the

19   counsel, representation, and advice that you've received

20   about your case from Mr. Powers?

21        THE DEFENDANT:  I am satisfied.

22        THE COURT:  And I see that you signed a petition to

23   plead guilty.  Did you have a chance to read that and

24   discuss it with Mr. Powers before you signed it?

25        THE DEFENDANT:  I have, Your Honor.

1          THE COURT:  And do you understand all of the terms

2     that are in the petition to plead guilty?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Mr. Powers, were all formal plea offers

5     by the government conveyed to your client?

6          MR. POWERS:  Yes, Your Honor.

7          THE COURT:  Mr. Brende, has anyone attempted in any

8     way to force you to plead guilty?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Has anyone threatened you to try to

11     make you plead guilty?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  Has anyone made any promises or

14     assurances of any kind to try to get you to plead guilty?

15          THE DEFENDANT:  No, Your Honor.

16          THE COURT:  Are you pleading guilty of your own

17     free will because you are guilty?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  The offense that you're pleading guilty

20     to is receipt and distribution of child pornography.  And

21     that is a felony.  If I accept your plea, as a result, you

22     may lose some valuable civil rights, like the right to vote,

23     the right to hold public office, the right to serve on a

24     jury, and the right to possess or carry any kind of firearm.

25     Do you realize that you might lose those rights if you plead

1  guilty?

2        THE DEFENDANT:  I understand, Your Honor.

3        THE COURT:  And because this is a conviction for a

4  sex-offense-related matter, if you are convicted, you will

5  likely have substantial future restrictions on where you can

6  live or work and with whom you can associate.  Do you

7  understand that?

8        THE DEFENDANT:  I understand.

9        THE COURT:  And you'd also be required to register

10  as a sex offender.  Do you understand that?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  I wanted to go over with you what the

13  possible maximum penalties are and mandatory minimum

14  penalties.

15        One question I had:  Mr. Powers, does your client

16  have a prior qualifying conviction?  Because that does

17  impact the mandatory minimums and maximums.

18        MR. POWERS:  It is our position that his prior

19  qualifying conviction does not qualify, Your Honor.  That's

20  why I put -- Mr. Brende and I discussed both potential

21  penalties.  I believe it's the government's position, based

22  on their plea offer, that it does qualify, but our position

23  is it does not.

24        THE COURT:  Okay.  Then I'll go over both with him.

25        So, Mr. Brende, if you do not have a prior

1    qualifying conviction, there would be a mandatory minimum

2    sentence of not less than 5 years and up to a maximum of not

3    more than 20 years in custody.

4           If you do have a prior qualifying conviction, then

5    there would be a mandatory minimum penalty of not less than

6    15 years and a possible maximum of not more than 40 years in

7    custody.

8           In either event, the maximum fine would be

9    $250,000, or you may face both prison and a fine.  The

10   maximum -- after you would finish your period in custody,

11   there would be a period of supervised release of not less

12   than 5 years and up to a maximum of life.

13          If your supervised release is revoked, you could be

14   sentenced to an additional period in prison.  If the

15   revocation is for a violation of Chapter 109A, sexual abuse;

16   110, sexual exploitation and other abuse of children; 117,

17   transportation for illegal sexual activity and related

18   crimes; 1201, kidnapping; or 1591, sex trafficking of

19   children by force, fraud, or coercion, there would be an

20   additional period in prison of not less than 5 years and --

21   I'm sorry -- yes -- additional period in prison of not less

22   than 5 years and up to life for each individual revocation.

23   Then there would be an additional period of supervised

24   release after that.

25          If you do not have a prior qualifying conviction --

1  I'm sorry.  For any other type of revocation, the maximum

2  period would be not more than 2 years in prison; or if you

3  did have a prior qualifying conviction, not more than 3

4  years for any other violation.

5          Restitution may be ordered.  And there's a $100

6  special assessment to the victims' assistance fund, and if

7  you're not indigent, a $5,000 fine to the domestic

8  trafficking victims fund.

9          Do you understand that those are the mandatory

10  minimum and the possible maximum penalties if you plead

11  guilty?

12          THE DEFENDANT:  I understand, Your Honor.

13          THE COURT:  When I decide your sentence, the first

14  thing that I'll look at is the advisory guideline range

15  under the Federal Sentencing Guidelines.  And did Mr. Powers

16  go over with you what he thinks your advisory guideline

17  range will be?

18          THE DEFENDANT:  He did, Your Honor.

19          THE COURT:  And I can't determine that today.  I

20  have to wait until probation has prepared the Presentence

21  Report and I've ruled on any objections that are filed to

22  the report.  Because of that, the range I find at the time

23  of sentencing might be different than the estimate that

24  Mr. Powers gave you.  Do you understand that?

25          THE DEFENDANT:  I do.

1        THE COURT:  And after I figure out your initial

2   advisory guideline range, then I have to determine if

3   there's any reason why your sentence should be higher or

4   lower than that, either based on departures that are

5   authorized under the guidelines, or based on the factors

6   that are in the sentencing statute.  So your sentence could

7   end up being higher or lower than the advisory guideline

8   range.  Do you understand that?

9        THE DEFENDANT:  I do, Your Honor.

10        THE COURT:  In the federal system parole has been

11   abolished.  So if you are sentenced to prison, you won't get

12   out early on parole.  Do you understand that?

13        THE DEFENDANT:  I do, Your Honor.

14        THE COURT:  And if either you or the government

15   thinks that I make a mistake, you can appeal to the Eighth

16   Circuit Court of Appeals to review anything that I've done.

17   Do you understand that?

18        THE DEFENDANT:  I do, Your Honor.

19        THE COURT:  You have the right to plead not guilty

20   to the offense that you're charged with, and you could

21   continue with that plea.  If you did so, you'd be entitled

22   to a trial by jury.  At trial, I would tell the jury that

23   you are presumed to be innocent, and the burden is on the

24   government to prove your guilt beyond a reasonable doubt.

25   You'd have the right to the assistance of a lawyer to help

1    you with your defense.  And if you didn't have money to hire

2    your own lawyer, the Court would appoint one to represent

3    you and would pay the lawyer.  Your lawyer would represent

4    you at trial and at every other stage of the proceeding.

5    All the witnesses that the government has would come here to

6    court so that you could see them and hear them when they

7    testified.  And your attorney could ask them questions on

8    cross-examination as part of your defense.

9            On your part, you'd have the right to not testify

10   unless you voluntarily gave up that right.  If you had

11   witnesses who you thought were helpful to your side,

12   subpoenas could be served on those witnesses, and that would

13   make them come to court to testify.

14           If you decided not to testify or not to present any

15   evidence, I would tell the jury that they can't use those

16   facts against you.  That the burden stays on the government

17   to prove your guilt beyond a reasonable doubt.

18           If you enter a plea of guilty today, there won't be

19   a trial, and you'll have given up all of the other rights

20   that I just described to you.  Do you understand that?

21           THE DEFENDANT:  I do, Your Honor.

22           THE COURT:  You're charged with receipt and

23   distribution of child pornography.  And if this case did go

24   to trial, the government would have to prove beyond a

25   reasonable doubt that on or about between November 1, 2020,

1  and October 3, 2021, in the District of South Dakota and

2  elsewhere, you knowingly received or distributed, or

3  attempted to receive or distribute, material that contained

4  a visual depiction of child pornography; that you knew the

5  visual depiction was of a minor engaging in sexually

6  explicit conduct; and that the material containing the

7  visual depiction was produced using material that had been

8  mailed, shipped, or transported, including by computer, in

9  interstate or foreign commerce.  Do you understand that

10  that's what you're charged with and that's what the

11  government would have to prove if this case did go to trial?

12          THE DEFENDANT:  I do, Your Honor.

13          THE COURT:  As part of the petition to plead

14  guilty, it included a Factual Basis Statement.  Did you read

15  that before you signed it?

16          THE DEFENDANT:  I did, Your Honor.

17          THE COURT:  And is everything there the truth?

18          THE DEFENDANT:  It is, Your Honor.

19          THE COURT:  And I just had a couple questions for

20  you.  So I have to determine if there's an independent

21  factual basis for a plea, and I can't rely on legal

22  conclusions to do that.  One of the things in your Factual

23  Basis Statement says that the files contained images and

24  videos of prepubescent children engaged in sexually explicit

25  conduct.  So I need to know what that sexually explicit

1  conduct is.  Under the statute it can include things like

2  sexual intercourse; bestiality; masturbation; sadistic or

3  masochistic abuse; lascivious exhibition of the anus,

4  genitals, or pubic of any person.  So can you tell me what

5  some of the images were.

6          THE DEFENDANT:  What ones I do recall were

7  including lascivious exhibition of genitals and buttocks.

8          THE COURT:  And those were the images of children

9  under the age of 18?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And they were some images of

12  prepubescent children too?

13          THE DEFENDANT:  As I recall, yes, Your Honor.

14          THE COURT:  With that additional information, I

15  find that there is an independent factual basis for the

16  plea.

17          Mr. Brende, would you please stand.

18          How do you plead to the charge in the Indictment?

19  It charges you with receipt and distribution of child

20  pornography.  Guilty or not guilty?

21          THE DEFENDANT:  Guilty, Your Honor.

22          THE COURT:  You may be seated.

23          It is the finding of the Court in the case of

24  United States versus Justin Douglas Brende that the

25  defendant is fully competent and capable of entering an

1  informed plea; that he is aware of the nature of the charges

2  and the consequences of the plea; and that the plea of

3  guilty is a knowing and voluntary plea supported by an

4  independent basis in fact containing each of the essential

5  elements of the offense.  The plea is therefore accepted,

6  and the defendant is now adjudged guilty of that offense.

7          Mr. Brende, also your petition to plead indicates

8  that you agree to forfeit your interest in a Journey LTE

9  cellular phone and a SanDisk memory card.  Do you understand

10  that those will also be forfeited?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  I wanted to tell you what will happen

13  next.  Probation is going to prepare the Presentence Report

14  that we talked about before, and Rena Jensen is the

15  probation officer that will be working on your report.

16  She'll include information in there about your background,

17  about your family, your education, your work experience, if

18  you've been in trouble with the law before, and about what

19  happened here.  And she'll put all of that in the report

20  along with a calculation of your advisory guideline range.

21  And once she's finished, she'll file the report.  And then

22  Mr. Powers will get it, and he'll then go over the report

23  with you.  Please read it carefully and let him know if

24  there are any errors or mistakes in the report.  He can

25  either ask to have changes made to the report or he can file

1    objections to the report.

2             And if there are objections, then I'll have a

3    hearing on those and I'll rule on the objections.  And then

4    that determines what your advisory guideline range is.  That

5    will happen at the sentencing hearing, which is scheduled

6    for Monday, August 7th at 9:00.  And during the hearing I'll

7    rule on the objections first, and then I'll have Mr. Powers

8    speak on your behalf, and he'll tell me what he thinks your

9    sentence should be.  And then, Mr. Brende, you'll have an

10   opportunity to speak.  So if there's anything that you want

11   to say or you want me to know about you, you'll have the

12   opportunity to tell me that.  And if you have family or

13   friends who'd like to come to the hearing and speak on your

14   behalf, I'll listen to them too.  And then I'll hear what

15   the government recommends that your sentence should be.

16            And, Mr. Brende, if either you or your family or

17   friends would rather submit letters, that's okay too.  Just

18   get them to Mr. Powers a week before the sentencing, and

19   then he'll file them.  And that gives me enough time to read

20   everything before we get started.

21            Anything else from either side today?

22            MR. CLAPPER:  No, Your Honor.

23            MR. POWERS:  No.  Thanks, Your Honor.

24            THE COURT:  We'll be adjourned.

25                 (Proceedings concluded at 9:14 a.m.)

```
1    UNITED STATES DISTRICT COURT)
     DISTRICT OF SOUTH DAKOTA    : SS   CERTIFICATE OF REPORTER
2    SOUTHERN DIVISION          )

3         I, Carla Dedula, Official United States District Court
     Reporter, Registered Professional Reporter, Certified
4    Realtime Reporter, and Notary Public, hereby certify that
     the above and foregoing transcript is the true, full, and
5    complete transcript of the above-entitled case, consisting
     of pages 1 - 13.

6

7         I further certify that I am not a relative or employee
     or attorney or counsel of any of the parties hereto, nor a
8    relative or employee of such attorney or counsel, nor do I
     have any interest in the outcome or events of the action.

9
          IN TESTIMONY WHEREOF, I have hereto set my hand this
10   31st day of July, 2023.

11

12   _____
     CARLA DEDULA RPR, CRR, CRC
13   400 S. Phillips Avenue
     Sioux Falls, SD 57104
14   Phone: (605) 330-6669
     Email:  carla_dedula@sdd.uscourts.gov
15   My Commission Expires:  May 24, 2026

16

17

18

19

20

21

22

23

24

25
```